**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. G-08-0231 |
| § | |
| RUTHERFORD OIL CORPORATION and § | |
| BROWN WATER MARINE SERVICE, § | |
| INC., § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

In November 2008, the United States sued Rutherford Oil Corporation and Brown Water Marine Service, Inc., alleging violations of the Clean Water Act, (CWA), 33 U.S.C. § 1344(a), and the Rivers and Harbors Act, (RHA), 33 U.S.C. § 403. In this suit, filed on behalf of the Secretary of the Army, the United States alleged five instances in which Rutherford and one of its marine tug operator contractors, Brown, "and/or Rutherford's other contractors," engaged in "prop washing" during activities relating to drilling wells in Galveston Bay and East Galveston Bay. "Prop washing" occurs when vessels are operated in shallow water, causing the propellers or the bottoms to disturb the bed and to redeposit the soil and other materials into other areas. The United States alleged that "prop washing" occurred in February 2003, March 2003, November 2003, July 2004, and August 2004. The United States alleged that the five incidents of "prop washing" resulted in the discharge of pollutants into navigable waters without authorization, in violation of the CWA, 33 U.S.C. §§ 1311, 1344, and the unauthorized excavating, filling, modifying, or altering of the condition or capacity of a navigable water of the United States, in violation of the RHA, 33 U.S.C.

§ 403. The United States sought an injunction requiring Rutherford and Brown, at their own expense, to remove the materials that were placed in violation of these statutes, to restore the damage caused by the unlawful activities, and to pay a civil penalty. (Docket Entry No. 1).

Rutherford has moved to dismiss on two grounds. First, Rutherford moved under Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure, asserting that the United States failed to join as parties eight marine contractors in addition to Brown. Second, Rutherford moved to dismiss the first two claimed violations, allegedly occurring in February and March 2003, under Rule 12(b)(6), on the basis of limitations. (Docket Entry No. 11). The United States has filed a response. (Docket Entry No. 13). Based on the pleadings, the motion and response, and the applicable law, this court denies the motion to dismiss. The reasons are explained below.

**I.      Rule 12(b)(7) and Rule 19**

Rule 12(b)(7) provides for dismissal of an action if a litigant fails to join a party under Rule 19. Under Rule 19, a defendant may identify a person or entity that is not named in the suit, assert that the absent person's participation is critical, and ask the court to join that person. If Rule 19(a) requires the absent person to be joined as a party, the court must joint that person if feasible. If the absent person cannot be joined, the court must decide under Rule 19(b) whether to proceed without that person or dismiss the suit.

Rule 12(b)(7) requires a two-step inquiry. First, Rule 19(a) is applied to determine whether the absent party is required to be joined if feasible. *See HS Resources*, *Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). In making this determination, the court considers whether complete relief can be accorded among the parties already in the case without joinder. The court also considers whether the absent person claims an interest relating to the subject of the action and is so situated

that if the action is resolved in that person's absence, his ability to protect his own interest will be impaired or impeded or any existing parties might be subject to substantial risk of multiple or inconsistent obligations. FED. R. CIV. P. 19(a)(1). If there is an absent, required party, the court decides whether the necessary party is indispensable to the action and cannot be joined. FED. R. CIV. P. 19(a)-(b). In deciding whether a necessary party is indispensable, a court considers: (1) the extent to which a judgment rendered in the absence of a necessary party might be prejudicial to that person or to those already parties; (2) the extent to which the prejudice can be lessened or avoided by shaping the judgment; (3) whether judgment rendered in the necessary person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. FED. R. CIV. P. 19(b). If the absent party is required under Rule 19(a) and there is no reason preventing joinder, the court must join that party. If joinder is impossible, a court must dismiss the action or decide whether to proceed without the absent person.

In ruling on a motion to dismiss for failure to join a necessary and indispensable party, a court must accept the complaint allegations as true. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n. 2 (7th Cir. 2001). The moving defendant has the burden of showing that a party must be joined for just adjudication. *Ploog v. HomeSide Lending, Inc.*, 209 F.Supp.2d 863, 873 (N.D. Ill. 2002) ("The proponent of a Rule 12(b)(7) motion to dismiss has the burden of producing evidence which shows the nature of the absent party's interest and that the protection of that interest will be impaired or impeded by the absence."). The analysis under Rule 19 is fact-specific. *See Rhone-Poulenc Inc. v.. Int'l Ins. Co.*, 71 F.3d 1299, 1301 (7th Cir. 1995) (stating that a Rule 19 determination depends on the circumstances of the case). Determinations as to whether a party is required under Rule 19(a) and indispensable under Rule 19(b) are not mechanical and "the court

must consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar." *Schlumberger Indus. Inc. v.. Nat'l Sur. Corp.*, 36 F.3d 1274, 1286 (4th Cir.1994) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968)).

The first issue is whether complete relief may be accorded among those already parties. In examining this criteria, a court considers only the existing parties, not the effect on absent parties. The issue is whether a court may order "meaningful" relief, defined as relief that would achieve the objective of the lawsuit. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 979 (9th Cir. 2004). As the United States explained, the absent contractors are not necessary for the court to determine whether the United States is entitled to the civil penalties and injunctive relief it seeks against Rutherford and Brown. Even if, as Rutherford asserts, the absent contractors may also be liable to the United States, that does not preclude the court from awarding the relief sought against Rutherford and Brown. Nor does the contractors' absence preclude the court from finding in favor of Rutherford and Brown if they prevail.

A plaintiff is not required to name all possible joint tortfeasors in a single action. *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); *see also Nottingham v. General American Communications Corp.,* 811 F.2d 873, 880 (5th Cir.), *cert. denied*, 484 U.S. 854, 108 S.Ct. 158, 98 L.Ed.2d 113 (1987). The Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." *Temple*, 498 U.S. at 7. The fact that Rutherford and Brown may be able to seek indemnity or contribution from the absent contractors if the United States prevails does not establish the first prong under Rule 19. Courts have recognized that "[i]f persons subject to rights of

indemnity or contribution were always indispensable parties, there would not be a need for the impleader provisions of Rule 14." *Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 503 (7th Cir. 1980); *Rhone-Poulenc Inc. v.. Int'l Ins. Co.*, 1996 WL 435180 at *9 (N.D. Ill. July 31, 1996) ("the right to contribution does not necessarily make an absent party indispensable"). The additional contractors may be "permissive" parties, but not required parties. The first prong of Rule 19(a) is not satisfied.

The second category of required parties are those that claim an "interest relating to the subject of the action." FED. R. CIV. P. 19(a). The absent person's interest must be such that joinder is required to protect either the absent person or the existing parties. The absent person is a required party if he claims an interest relating to the subject of the action and as a practical matter that interest might be impaired or impeded if the case is resolved in his absence. The absent person is also a required party if in his absence, the existing parties would be subject to a substantial risk of multiple or inconsistent obligations. A "Rule 12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action." 5A CHARLES ALAN WRIGHT *et al*, FEDERAL PRACTICE AND PROCEDURE § 1359 (2d ed. 1990). The moving party carries the burden of showing that an absent party must be joined for just adjudication. *Ploog,* 209 F.Supp.2d at 873. Rutherford has failed to meet that burden. There is no contention that the absent contractors have claimed an interest in this litigation or sought joinder. And there is no basis to conclude that Rutherford or Brown could be exposed to multiple or inconsistent judgments if the absent contractors are not joined. If the defendants prevail and the United States later brings an action against the absent contractors, the defendants would be able to assert preclusion as to any third-party claim brought against it by an absent contractor. If the United States were to prevail,

Rutherford could bring an action for indemnity or contribution against the absent contractors trade in a forum where it believed personal jurisdiction could be asserted. Rutherford's motion also fails the second prong of Rule 19(a).

The motion to dismiss under Rule 12(b)(7) and Rule 19 is denied.

**II.     The Motion to Dismiss under Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior decision in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 127 S. Ct. at 1969 ("*Conley's* 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ."). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974). A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is a valid means to raise a statute of limitations defense if the defense clearly appears on the face of the complaint. *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987). A court, however, should only dismiss a case if the affirmative defense or other bar to relief appears on the face of the complaint. *Garrett v. Commonwealth Mortgage Corp. of Am.*, 938 F.2d 591, 594 (5th

Cir. 1991).

Multiple courts have held that 28 U.S.C. § 2462 (2000) provides the statute of limitations for CWA enforcement actions. *See United States v. Banks*, 115 F.3d 916, 918 (11th Cir. 1997); *Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals Inc.*, 913 F.2d 64, 73–75 (3d Cir. 1990); *United States v. Hobbs*, 736 F.Supp. 1406, 1408–09 (E.D. Va. 1990). This section provides, "Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued. . . ." 28 U.S.C. § 2462. Rutherford argues that the first two violations, which allegedly occurred more than five years before the United States filed this suit on November 10, 2008, are barred by limitations.

Various courts have held that § 2462 does not apply to claims for injunctive relief. *See United States v. Telluride Co.*, 146 F.3d 1241, 1248–29 (10th Cir. 1998); *Banks*, 115 F.3d at 918–19; *Hobbs*, 757 F.Supp. at 1410. The statute does not apply to equitable relief, but rather to "any civil fine, penalty, or forfeiture, pecuniary or otherwise. . . ." 28 U.S.C. § 2462; *see also Hobbs,* 736 F.Supp. at 1410 (stating that § 2462 "by its own terms, has no bearing on suits in equity."); *N.C. Wildlife Fed'n v. Woodbury,* No. 87-584-CIV-5, 1989 WL 106517, at *3 (E.D. N.C. April 25, 1989) (holding that § 2462 did not bar a claim under the CWA for equitable relief). "Statutes of limitation sought to be applied to bar rights of the government, must receive a strict construction in favor of the government." *E.L. Du Pont De Nemours & Co. v. Davis*, 264 U.S. 456, 462 (1924); *see also BP America Prod. Co. v. Burton*, 549 U.S. 84, 95–96 (2006).

The United States also relies on a continuing violation theory. The Fifth Circuit has recognized the viability of the continuing violations doctrine to toll the statute of limitations. *See*,

*e.g.*, *Schoeffler v. Kempthorne*, 493 F.Supp.2d 805, 817 (W.D. La. 2007) ("The continuing violations doctrine permits a plaintiff to sue on a claim that would be time-barred if considered in isolation, but where subsequent violations act to prevent accrual or otherwise toll the limitations period.) (citing *Mayberry v. Conoco, Inc.*, 31 Fed. App'x 159, 2001 WL 1751461, at *3 n.2 (5th Cir. 2001)). However, "[c]ase law on the subject of continuing violations has been aptly described as 'inconsistent and confusing . . . ." *Id.* at 818 n. 28 (quoting *Dumas v. Town of Mount Vernon,* 612 F.2d 974, 977 (5th Cir. 1980)) (internal quotations omitted).

The "continuing violation" theory is used primarily in three circumstances: (1) to find that plaintiffs have standing in citizen suits brought the enforce the CWA where a violation has been remedied; (2) to extend the statute of limitations in cases of latent discharges; and (3) to enhance the penalties imposed on an offender. The second category, which is invoked here, is exemplified in *United States v. Reaves*, 923 F.Supp. 1530, 1534 (M.D. Fla. 1996). In that case, the court recognized that while the violation occurred over ten years before, because the unpermitted fill remained in place, the violation continued until the material was removed. The court tolled the statute of limitations as long as the material remained. *See United States v. Scruggs*, 2009 WL 81921, at *11 (S.D. Tex. Jan. 12, 2009). In this case, when the cause of action accrued and whether the limitations period is tolled by the continuing violations doctrine cannot be determined by the facts alleged in the pleadings. The motion to dismiss is denied, without prejudice to the reassertion of the arguments, if appropriate, in a motion for summary judgment.

   SIGNED on May 13, 2009, at Houston, Texas.

               _____
                 Lee H. Rosenthal
                 United States District Judge