IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-08-0231 |
| | § | |
| RUTHERFORD OIL CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Caillou Island Towing, Inc. has moved to consolidate the coverage lawsuit filed by its insurers, Navigators Insurance Co. and XL Specialty Insurance Co. (Civ. A. No. H-10-439) with this case, referred to as the "Underlying Government Litigation." (Docket Entry No. 134). The United States opposes the motion to consolidate but alternatively recommends conditions on the consolidation. The coverage-lawsuit plaintiffs also oppose the motion to consolidate.

This court grants Caillou Island's motion to the extent that the coverage case is transferred to this court's docket to allow effective coordination with the Underlying Government Litigation already pending here. Formal consolidation is not necessary at this time. The reasons for this result are set out below.

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The district court has broad discretion in determining whether two or more actions have a common question of law and fact, whether to consolidate, and to what extent.

*Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989).

The case pending in this court, the Underlying Government Litigation, and the later-filed coverage dispute pending before another judge in this same district and division, involve an important common issue: whether Caillou Island is exposed to liability for certain claims. The United States acknowledges this common issue. (Docket Entry No. 139, p. 3). Caillou Island's insurers seek a declaratory judgment that their policies exclude certain of the claims asserted in the Underlying Government Litigation. If Caillou Island is not liable for these claims, the coverage question may be moot. This court has already granted partial summary judgment in favor of Caillou Island on some of the United States's efforts to collect civil penalties. (Docket Entry No. 124). Caillou Island has filed another motion seeking dismissal of civil penalties. (Docket Entry No. 140). The relationship between the two cases is sufficiently close to permit entry of an order under Rule 42(a).

The discretionary factors favor coordinated case management before a single judge familiar with the underlying issues. Caillou Island's dispute with its insurers is before another judge in the same district and division; involves a common party, Caillou Island; is more efficiently resolved before a single court; and involves issues whose resolution may facilitate settlement of both cases. This court can, and does, impose conditions that will reduce any inconvenience to the United States, the coverage-lawsuit plaintiffs, and the other parties.

The United States asked for three conditions: 1) that the depositions that have been completed not be reopened for questions by the insurers' counsel, 2) that the pending depositions and mediation not be rescheduled to accommodate the insurers' counsel, and 3) that claims between Caillou Island and its insurers be resolved in a separate trial from the claims already in this case.

As to the first condition, no previously taken deposition will be reopened without leave of court. As to the second condition, the insurers must attend and participate in the forthcoming mediation. Finally, the cases are not consolidated for trial at this time. These conditions will "avoid unnecessary cost or delay." *See* FED. R. CIV. P. 42 (a)(3), (b).

The motion to consolidate is granted to the extent of transferring Civil Action No. H-10-439 to this court, and otherwise denied.

SIGNED on October 14, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge